UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -:
RADHAMES RODRIGUEZ,                    :    14 Civ. 8283 (VEC) (JCF)
                                       :
             Petitioner,               :         REPORT AND
                                       :        RECOMMENDATION
     - against -                       :
                                       :
COMMISSIONER OF CORRECTIONS,           :
NEW YORK,                              :
                                       :
             Respondent.               :
- - - - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE VALERIE E. CAPRONI, U.S.D.J:

     Radhames Rodriguez filed this petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in
New York State Supreme Court, New York County, for assault in the
second degree.   The petitioner, proceeding pro se, seeks relief on
the ground that the evidence did not establish his use of a deadly
instrument and that there was therefore insufficient evidence to
convict him of second degree assault.   For the reasons set forth
below, I recommend that the petition be denied.

Background

     A. The Assault

     At approximately 1:30 a.m. on August 9, 2009, the petitioner
assaulted his brother, Felix Rodriguez,[1] in the apartment they
shared in Manhattan.   (Tr. at 28-29, 33, 37).[2]   The petitioner
punched the victim first with his fists and then hit him in the

_____

     [1] To avoid confusion between the petitioner and his brother,
I will refer to the former as Mr. Rodriguez and to the latter by
his full name.

     [2] "Tr." refers to the state court trial transcript.   "S."
refers to the sentencing transcript.

1

ribs and on the head with the handle of a machete. (Tr. at 37-38). The machete was approximately one foot long and the handle was made of a material "like wood." (Tr. at 43). Following the attack, Felix Rodriguez went to the police precinct and subsequently was taken by ambulance to the emergency room. (Tr. at 40, 48). According to the victim, the beating resulted in bleeding, swelling, bruises and contusions, loosened teeth, extreme pain, and the inability to eat or chew. (Tr. at 51-54).

    B. Procedural History

    On October 9, 2009, the petitioner was indicted and charged with one count of assault in the second degree in violation of New York Penal Law § 120.05. (New York County Indictment Number 4772/2009). His trial began on May 23, 2012, and on May 25, 2012, the jury found him guilty as charged. (Tr. at 332). On June 19, 2012, he was sentenced to six years imprisonment with five years of post-release supervision. (S. at 13).

    On direct appeal, Mr. Rodriguez argued that his conviction was against the weight of the evidence and that his sentence was excessive. (Brief for Defendant-Appellant ("Pet. App. Br.") at SR 6).[3]   On January 28, 2014, the Appellate Division, First Department, affirmed the petitioner's conviction, finding that the verdict was not against the weight of the evidence. People v. Rodriguez, 113 A.D.3d 553, 553, 979 N.Y.S.2d 517, 517 (1st Dep't 2014). It held that a reasonable jury could have concluded that by using the handle of the machete to beat the victim, the petitioner

_____

    [3] "SR" refers to the State Record provided by the respondent.

2

used it in a manner that made it dangerous.  Id. at 553, 979 N.Y.S.2d at 517.  The Appellate Division further determined that the petitioner's sentence was not excessive.  Id. at 553, 979 N.Y.S.2d at 517.  Mr. Rodriguez subsequently sought leave to appeal to the New York Court of Appeals, and on May 12, 2014, his application was denied.  People v. Rodriguez, 23 N.Y.3d 967, 967, 988 N.Y.S.2d 574, 574 (2014).

Discussion

A. Weight of the Evidence

The petitioner argues that his conviction was against the weight of the evidence.  (Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("Pet."), ¶ 12).  The New York Court of Appeals has held that "[i]f based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony.'"  People v. Bleakley, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 763 (1987) (quoting People ex rel. MacCracken v. Miller, 291 N.Y. 55, 62, 50 N.E.2d 542, 544 (1943)).  However, weight of the evidence claims are "error[s] of state law, for which habeas review is not available."  Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (internal quotation marks omitted) (observing that weight of the evidence argument is "pure state law claim" based on New York Criminal Procedure Law § 470.15(5)); accord Jackson v. Heath, No. 10 Civ. 3449, 2010 WL 3075557, at *12 (S.D.N.Y. Aug. 6,

3

2010); <u>Lemons v. Parrott</u>, No. 01 Civ. 9366, 2002 WL 850028, at *3 (S.D.N.Y. May 2, 2002) ("[A federal court has] no authority to review a weight of the evidence argument because it is a state law claim.").  Mr. Rodriguez thus cannot obtain habeas review if his petition is construed as raising exclusively a weight of the evidence claim.

   B. <u>Legal Sufficiency of the Evidence</u>

      In contrast to weight of the evidence claims, claims regarding the legal sufficiency of the evidence are cognizable on habeas review.  See <u>Jackson v. Virginia</u>, 443 U.S. 307, 321 (1979) (holding that allegations as to legal sufficiency of evidence state federal constitutional claim).  Under a legal sufficiency analysis, a court must deny relief if, viewing the evidence in the light most favorable to the prosecution, "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Jackson</u>, 443 U.S. at 319.  On habeas review, the state court's decision regarding sufficiency of the evidence may be overturned only if "objectively unreasonable."  <u>Coleman v. Johnson</u>, __ U.S. __, __, 132 S. Ct. 2060, 2062 (2012) (internal quotation marks omitted).  "Therefore, courts must use a 'doubly deferential standard of review' when considering a petitioner's sufficiency challenge, deferring first to the jury's verdict, and second to the state court's determination under the standard set forth in 28 U.S.C. § 2254(d)."  <u>Nunez v. Conway</u>, 923 F. Supp. 2d 557, 564 (S.D.N.Y. 2013) (quoting <u>Garbutt v. Conway</u>, 668 F.3d 79, 81 (2d Cir. 2012) (per curiam)).

If Mr. Rodriguez's allegations can be construed as raising a legal sufficiency claim, then they are properly before this court. The Supreme Court has held that submissions of pro se litigants, such as the petitioner, are to be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se pleadings "must be held to less stringent standards"); accord Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (interpreting pro se litigant's habeas petition "to raise the strongest arguments that [it] suggest[s]."). In his brief to the Appellate Division, the petitioner cited Jackson, 443 U.S. 307 (Pet. App. Br. at SR 19), which articulates the constitutional analysis that federal habeas courts must apply when evaluating challenges to the legal sufficiency of the evidence. Since the petition may be liberally construed to incorporate the Appellate Division brief, a legal sufficiency claim is properly before this court. See Cisneros v. Greene, No. 05 Civ. 439, 2005 WL 1123895, at *1 (S.D.N.Y. May 6, 2005) (construing pro se petitioner's weight of the evidence argument as legal sufficiency claim based on petitioner's citation to Jackson in his Appellate Division brief).

C. Exhaustion of State Remedies

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254(b) & (c), in order for a federal court to entertain a habeas petition from a state prisoner, the petitioner must first exhaust all of his available state remedies. Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011). To satisfy the exhaustion doctrine, a habeas corpus petitioner must meet a two-

pronged test.   First, the federal claim must have been "fairly
present[ed]" to the state courts.   Strogov v. Attorney General of
New York, 191 F.3d 188, 191 (2d Cir. 1999).   To have fairly
presented a claim, "the petitioner must have informed the state
court of both the factual and the legal premises of the claim he
asserts in federal court."   Daye v. Attorney General of New York,
696 F.2d 186, 191 (2d Cir. 1982).   A petitioner may meet this
requirement by presenting the claim in any of the following ways:

> (a) reliance on pertinent federal cases employing
> constitutional analysis, (b) reliance on state cases
> employing constitutional analysis in like fact
> situations, (c) assertion of the claim in terms so
> particular as to call to mind a specific right
> protected by the Constitution, and (d) allegation of a
> pattern of facts that is well within the mainstream of
> constitutional litigation.

Strogov, 191 F.3d at 191 (quoting Daye, 696 F.2d at 194).   "Second,
having presented his federal constitutional claim to an appropriate
state court, and having been denied relief, the petitioner must have
utilized all available mechanisms to secure [state] appellate review
of the denial of that claim."   Klein v. Harris, 667 F.2d 274, 282
(2d Cir. 1981).

Here, Mr. Rodriguez has satisfied both prongs of the exhaustion
test.   As previously discussed, he relied on Jackson in his brief
to the Appellate Division. (Pet. App. Br. at SR 19).   By citing to
Jackson, the petitioner relied on a federal case that employed the
constitutional analysis for determining whether evidence is legally
sufficient to establish guilt.   See Carvajal, 633 F.3d at 104
(quoting Daye, 696 F.2d at 194).

6

Mr. Rodriguez also utilized all available mechanisms for securing state appellate review. After the Appellate Division affirmed the decision of the district court, the petitioner submitted a timely leave application to the Court of Appeals, seeking relief based on "all the issues contained in the Defendant-Appellant's brief," including what I construe as a legal sufficiency claim. (Petitioner's Leave Application at SR 60-61). See Quintero v. Heath, No. 10 Civ. 8709, 2012 WL 4747181, at *8 (S.D.N.Y. Aug. 20, 2012) (finding claims incorporated by reference in leave application to be exhausted). Therefore, Mr. Rodriguez's legal sufficiency claim has been exhausted and is reviewable by this Court.[4]

D. Merits

Under the AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner for a claim that a state court has adjudicated on the merits only where the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the

---

[4] The respondent nevertheless argues that Mr. Rodriguez's claim is procedurally barred because he failed to object in the trial court to the sufficiency of the evidence. (Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus at 12). However, the decision of the Appellate Division rested on the merits of the case without reference to the preservation issue, Rodriguez, 113 A.D.3d at 553, 979 N.Y.S.2d at 517, and therefore there can be no procedural bar to habeas review. See Harris v. Reed, 489 U.S. 255, 262 (1989) ("[A] federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default.").

facts in light of the evidence presented in the State
court proceeding.

28 U.S.C. § 2254(d).

Federal law is "clearly established" when it is expressed in
"the holdings, as opposed to the dicta, of [the Supreme] Court's
decisions." Howes v. Fields, __ U.S. __, 132 S. Ct. 1181, 1187
(2012) (internal quotation marks omitted).  When a petitioner
raises an issue that the Supreme Court has not "squarely
address[ed]" or "clear[ly] answer[ed]," habeas relief is
unavailable. Wright v. Van Patten, 552 U.S. 120, 125-26 (2008).

A state court's decision is "contrary" to clearly established
federal law when the state court "applies a rule that contradicts
the governing law set forth" in a Supreme Court decision or
"confronts a set of facts that are materially indistinguishable
from a decision of [the Supreme] Court and nevertheless arrives at
a result different from [Supreme Court] precedent." Williams v.
Taylor, 529 U.S. 362, 405-06 (2000).

To be an "unreasonable application" of clearly established
federal law, a decision must be "objectively unreasonable" or "more
than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75
(2003).  This standard is "difficult to meet"; habeas relief should
be granted only where there is "no possibility fairminded jurists
could disagree that the state court's decision conflicts with [the
Supreme] Court's precedents." Harrington v. Richter, 562 U.S. 86,
102 (2011).  Notwithstanding this deferential standard, federal
courts must independently evaluate whether a constitutional
violation has occurred. Wright v. West, 505 U.S. 277, 305 (1992)

(O'Connor, J., concurring in judgment) ("We have always held that federal courts, even on habeas, have an independent obligation to say what the law is.").

It is a clearly established federal law that each element of a criminal offense must be proven beyond a reasonable doubt before a defendant can be convicted of a crime. See Jackson, 443 U.S. at 315-16.  In the context of a legal sufficiency claim like that raised by the petitioner here, the relevant inquiry is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.  Therefore, the question before this Court is whether a reasonable person could have found Mr. Rodriguez guilty beyond a reasonable doubt of each element of second degree assault, as defined by Penal Law § 120.05.

Section 120.05 provides in relevant part that "[a] person is guilty of assault in the second degree when . . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument . . . ."  Under Penal Law § 10.00(13), "'[d]angerous instrument' means any instrument, article or substance . . . which, under the circumstances in which it is used . . . is readily capable of causing death or other serious physical injury."

The petitioner concedes that the evidence established that the victim's injuries were caused by the handle of a machete.  (Pet., ¶ 12).  Mr. Rodriguez asserts, however, that the evidence did not

establish beyond a reasonable doubt that the handle of a machete was a dangerous instrument for the purposes of Penal Law § 120.05. (Pet., ¶ 12). This argument fails.

The evidence established that when the handle of the machete was used to bludgeon the victim in the head, it caused bleeding, severe pain, swelling, and other injuries, including the loosening of the victim's teeth, and required the victim to be transported by ambulance to the emergency room. (Tr. at 51-54). As one court has ruled in a closely analogous case, a stick is a dangerous weapon for purposes of Penal Law § 120.05 when used to strike another person in the head. Navarro v. Abrams, No. 88 Civ 1954, 1991 WL 7399, at *4 (S.D.N.Y. Jan. 10, 1991) ("The object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute."). So, too, with the handle of a machete.

Although Mr. Rodriguez attacks the reliability of the victim's testimony (Pet., ¶ 12), a federal court may not evaluate witness testimony on habeas review. United States v. Roman, 870 F.2d 65, 71 (2d Cir. 1989) (holding that witness credibility should be challenged in cross-examination or summation, not on habeas review.). Moreover, although the machete was not introduced into evidence, the fact that the victim was hit with the handle of the machete, and the fact that this caused substantial injuries, are sufficient for a jury to find the handle could be considered dangerous. See Navarro, 1991 WL 7399, at *4 (holding that even though stick used to hit victim was not introduced into evidence,

10

jury had sole authority to determine victim's credibility and had sufficient evidence to find stick hard enough to be considered dangerous under Penal Law § 120.05).

Conclusion

For the reasons discussed above, Mr. Rodriguez's petition for a writ of habeas corpus should be denied.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Order.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Valerie E. Caproni, Room 240, 40 Foley Square, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          June 3, 2015

Copies mailed this date to:

Radhames Rodriguez
569 W. 184th St.
Apt. 52
New York, NY 10033

11

Alyson J. Gill, Esq.
Priscilla Steward, Esq.
Assistant Attorneys General
120 Broadway
New York, NY 10271