```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   2/4/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RADHAMES RODRIGUEZ,

                     Petitioner,

        -against-

COMMISSIONER OF CORRECTIONS,
NEW YORK,

                     Respondent.

14-CV-8283 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

         On October 7, 2014, *pro se* Petitioner, Radhames Rodriguez, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court for assault in the second degree. Dkt. 1. On December 10, 2014, this Court ordered the Respondent to answer the Petition and referred the action to Magistrate Judge Francis for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). Dkts. 6-7. On June 3, 2015, Magistrate Judge Francis issued a report and recommendation recommending that the Petition be denied (the "R&R"). Dkt. 13. No objections to the R&R were filed. For the following reasons, the Petition is DENIED.

## DISCUSSION

         In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the Magistrate Judge's report and recommendation the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note. Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question

whether a different inference was available or more likely." *United States v. Freeman*, 443 F.App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Careful review of the R&R reveals that there is no facial error in its conclusions. The Court agrees with Magistrate Judge Francis' recommendation that the Petition should be denied because the state court adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. R&R at 7-11. The sole claim raised by the Petitioner was the legal sufficiency of the evidence that he assaulted his brother with a "dangerous instrument." R&R at 9-10. It is clearly established under federal law that each element of a criminal offense must be proven beyond a reasonable doubt before a defendant can be convicted of a crime. R&R at 9 (citing *Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979)).

To determine a legal sufficiency claim, the court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." R&R at 9 (quoting *Jackson*, 443 U.S. at 319). A reasonable juror could have found, beyond a reasonable doubt, that when the handle of a machete is used as a club to strike another in the head, the machete handle is a "dangerous instrument" as defined in N.Y. Penal Law § 10.00(13). R&R at 9-11.

## CONCLUSION

Because Petitioner filed no written objections to the R&R and because the R&R expressly warned that the failure to file timely objections may result in the waiver of any such objections, appellate review of this decision is precluded. *See* Fed. R. Civ. P. 72; *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully requested to mail

a copy of this Order to Petitioner and to note service on the docket. The Clerk of the Court is further requested to close the case.

**SO ORDERED.**

Dated: February 4, 2016
      New York, New York

                                                                       _____
                                                                          VALERIE CAPRONI
                                                                   United States District Judge